UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVENCIO DELA CALZADA,<br>Petitioner,<br>v.<br>PATRICK COVELLO,<br>Respondent. | Case No. 23-cv-06465-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 4 |

## INTRODUCTION

Petitioner Jovencio Dela Calzada has filed a habeas petition under 28 U.S.C. § 2254 in which he challenges the same state court judgment that he challenged in two prior habeas actions filed in this district, *Dela Calzada v. Gipson*, No. 14-cv-00103 WHO and *Dela Calzada v. Covello*, 23-cv-00030-WHO. The pending petition will be dismissed as second or successive to the prior petitions.

Dela Calzada's motion to proceed *in forma pauperis* (IFP) is DENIED as moot because he has paid the filing fee. (Dkt. Nos. 3 and 4.)

## BACKGROUND

The first habeas petition was denied on the merits. (*Dela Calzada*, No. 14-cv-00103, Dkt. No. 19.) Dela Calzada appealed, but the Ninth Circuit Court of Appeals denied his request for a certificate of appealability. (*Id.*, Dkt. No. 33.) The second petition was dismissed as second or successive. (*Dela Calzada*, 23-cv-00030, Dkt. No. 4.) Dela Calzada did not appeal that dismissal.

The prior and pending petitions are challenges to the 2011 California state convictions and sentence Dela Calzada received in the Contra Costa Superior Court for committing multiple sexual offenses against two of his stepdaughters, for which he received a sentence of 173 years to life in state prison. (*Id.*, Order of Dismissal, Dkt. No. 4 at 1; *Dela Calzada*, 14-cv-00103, Dkt. No. 19 at 1-2; Instant Petition, Dkt. No. 1 at 1;

*People v. Dela Calzada*, No. A133098, 2012 WL 5279770 (Cal. Ct. App. Oct. 26, 2012) (unpublished).)

## DISCUSSION

The pending petition is barred by the rule against filing a second or successive petition. As noted, Dela Calzada has filed at least two previous federal petitions regarding the same state court judgment challenged in the pending petition. In order to file a second or successive petition, Dela Calzada must obtain an order from the Ninth Circuit Court of Appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, a district court lacks jurisdiction over the petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). Because Dela Calzada has not shown that he has received such authorization from the federal appellate court, the pending petition must be dismissed as second or successive, the filing of which has not been authorized by the Court of Appeals. Accordingly, the petition is DISMISSED.

## CONCLUSION

The pending petition is DISMISSED as second or successive, the filing of which has not been authorized by the Court of Appeals.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The filing fee has been paid. (Dkt. No. 3.) Dela Calzada's motion to proceed IFP is therefore DENIED as moot. (Dkt. No. 4.) The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** January 3, 2024



WILLIAM H. ORRICK
United States District Judge